**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4045**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANTONIO J. WHITEHEAD, a/k/a T.O.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:09-cr-00099-4)

Submitted: September 16, 2011      Decided: October 7, 2011

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sebastian M. Joy, CURTIS LEGAL SERVICES, PSC, Ashland, Kentucky, for Appellant. R. Booth Goodwin II, United States Attorney, J. Christopher Krivonyak, Assistant United States Attorney, Rosemary Logan, Third Year Law Student, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio J. Whitehead appeals from the 108-month sentence imposed pursuant to his guilty plea to conspiracy to possess with intent to distribute cocaine base. On appeal, he challenges the district court's denial of his request for a minor role reduction and the court's enhancement of his advisory Guidelines range for possession of a firearm. We affirm.

Whitehead first asserts that, since he was not a manager or supervisor, he was entitled to a minor participant role reduction. Further, he claims that his conduct was not essential to the conspiracy because he joined the conspiracy after it began.

A defendant who is only a "minor participant" in a criminal activity may have his offense level reduced by two levels. U.S. Sentencing Guidelines Manual § 3B1.2(b) (2010). This applies to a defendant who is "substantially less culpable than the average participant," "but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n. 3(A) & n.5). In deciding whether the defendant played a minor role, the "critical inquiry is thus not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001). The defendant has the burden of showing by a

2

preponderance of the evidence that he played a minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

Whitehead stipulated that he sold cocaine base as part of his participation in the conspiracy. As such, Whitehead's conduct does not warrant a reduction under USSG § 3B1.2. See United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir. 1992) (A seller holds "a central position in a drug distribution conspiracy," even if he participated in the conspiracy for a relatively brief period of time.); see also United States v. Glasco, 917 F.2d 797, 800 (4th Cir. 1990) (holding that an "actual seller of drugs" is not entitled to role reduction); United States v. Daughtrey, 874 F.2d 213, 218-19 (4th Cir. 1989) (recognizing that simply because a criminal conspiracy participant does not conceive of the conspiracy does not mean that he should be assigned a minor role adjustment if he helped to implement it). Moreover, the mere fact that Whitehead was not a manager or supervisor does not entitle him to a mitigating role reduction. Accordingly, this claim is without merit.

Whitehead next argues that the firearm for which he was found responsible was not connected to the drugs found on

3

his person and, even if it was, neither the drugs nor the firearm were connected to the subject conspiracy. The question of whether a defendant possessed a firearm during the commission of a drug conspiracy is a factual determination subject to the clearly erroneous standard. United State v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992).

The Guidelines instruct that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 comment. (n.3). We have found possession for purposes of the enhancement when a handgun and drugs were located in the same house, United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995); and where a handgun and drugs were found in the same briefcase, Rusher, 966 F.2d at 880-81. See also United States v. Harris, 128 F.3d 850, 853 (4th Cir. 1997) (unloaded firearm found in same dresser as drugs).

In this case, Whitehead was found in possession of a firearm, as well as a large quantity of drugs and cash. In fact, all of the items were found on his person. There was no dispute that Whitehead and his co-conspirators sold drugs during

4

the course of the conspiracy and that the subject arrest was during the time period of the stipulated conspiracy. When circumstantial evidence supports the enhancement and the defendant fails to produce evidence to show either that the presentence report is incorrect or that it was clearly improbable that the firearm was connected to the drug activities, the district court is entitled to apply the enhancement. See United States v. Manigan, 592 F.3d 621, 632 (4th Cir. 2010). Given the proximity of the drugs and the loaded gun and the timing of the criminal behavior, the district court's conclusions that the possession of the firearm and drugs were related and were part of Whitehead's involvement in the subject conspiracy were not clearly erroneous.

Accordingly, we affirm Whitehead's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5